IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The State of South Carolina, | ) | C/A No.: 3:13-cv-00899-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Hitachi Displays, Ltd., Epson Imaging Devices Corporation, and Sharp Corporation | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on Plaintiff's Motion to Serve Defendant Epson Imaging Devices Corp. Through Its United States Counsel. ECF No. 18. Specifically, Plaintiff, the State of South Carolina, ("South Carolina") seeks to serve Japan-based Defendant Epson Imaging Devices Corp. ("Epson") through its United States counsel, Stephen P. Freccero.  Epson has filed a Response in Opposition to Plaintiff's Motion.  ECF No. 20.

**I.     Factual and Procedural History**

South Carolina filed its Complaint in the Court of Common Pleas for Richland County on December 10, 2012, against Epson, Hitachi Displays, Ltd. ("Hitachi"), and Sharp Corporation ("Sharp").  Sharp removed the action to this court on April 4, 2013. South Carolina alleges in its Complaint that the named defendants engaged in a conspiracy between 1996 and 2006 to fix prices for thin film transistor-liquid crystal display ("TFT-LCD") panels.  On April 15, 2013, this court remanded South Carolina's

1

claims against Hitachi to the Richland County Court of Common Pleas. The case remaining in this court is one of four complaints[1] stayed pending the outcome of a petition for a writ of certiorari filed in the United States Supreme Court.

South Carolina has made two attempts to effectuate service on Epson. First, on December 11, 2012, South Carolina's counsel sent an email to Mr. Freccero, asking that he accept service of process on behalf of Epson. Mr. Freccero declined. Second, South Carolina's counsel attempted to effectuate service on Epson in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Service Convention"). The Summons and Complaint were delivered to the Ministry of Foreign Affairs in Japan on January 10, 2013. However, Japanese authorities were not able to facilitate the service of process because South Carolina's request for service contained an outdated address for Epson.

In its motion, South Carolina asks this court to allow South Carolina to serve initial pleadings and subsequent filings upon Epson through Mr. Freccero, pursuant to Fed. R. Civ. P. 4(f)(3).

## II.     Legal Standard

Rule 4(f) of the Fed. R. Civ. P. provides that a party may serve a foreign corporation through any one of several methods, including: (1) an international agreement, such as the Hague Service Convention; (2) letter rogatory; or (3) "other

---

[1] The other cases are *South Carolina v. LG Display Co., Ltd., et al.*, 3:11-cv-00729-JFA; *South Carolina v. AU Optronics Corp., et al.*, 3:11-cv-00731-JFA; and *South Carolina v. Chi Mei Optoelectronics Corp.*, et al., 3:12-cv-01776-JFA.

means not prohibited by international agreement, as the court orders." Rule 4(f) of the Fed. R. Civ. P. "does not denote any hierarchy or preference of one method of service over another." *BP Prod. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Id.*

## III.  Analysis

South Carolina submits that this court should allow it to serve Epson through its United States counsel, Mr. Freccero, because courts "in the Fourth Circuit recognize that Rule 4(f)(3) of the Federal Rules of Civil Procedure is on equal footing with other methods of service." ECF No. 18, p. 3.  South Carolina points out that "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing . . . Thus, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." ECF No. 18, p. 4 (quoting *Williams v. Advertising Sex, LLC,* 231 F.R.D. 483, 485 (N.D.W.Va. 2005) (internal citations omitted)).  South Carolina also submits that it "need not exhaust every potential available method of service of process prior to requesting service through a foreign defendant's United States counsel under Rule 4(f)(3)." ECF No. 18, p. 4. (citing *Brookshire Brothers, Ltd. v. Chiquita Brands Int. Inc.*, No. 05-CIV-21962, 2007 WL 1577771, *1 (S.D. Fl. May 31, 2007)).  No international agreement prohibits service on Epson through its United States counsel when ordered by a United States court, and South Carolina contends that service in that manner would not violate Due Process

3

principles.  ECF No. 18, pp. 5–6.  "Epson's United States counsel is reasonably calculated to notify the Epson of the subject action and will present it with a fair opportunity to answer the complaint and present defenses." *Id.*  Finally, South Carolina points out that, in a related TFT-LCD case,[2] this court granted a motion to serve two defendants, Chunghwa Picture Tubes, Ltd., and Hannstar Display Corp., through their respective United States counsel.  ECF No. 18, p. 6.

Epson responds that service through its United States council is not necessary because Epson's address in Japan is readily obtainable, and Epson has made no attempts to evade service.  ECF No. 20, p. 1.  Though 4(f)(3) provides for alternative service, South Carolina carries the burden to prove that alternative service is warranted based on necessity, not expediency, and Epson submits that South Carolina has not met its burden.  ECF No. 20, pp. 5–6 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002) (distinguishing the facts in the Ninth Circuit Court of Appeals case in which the foreign defendant had no publicly available address)).  Also, Epson submits that the Hague Service Convention "is available and will work, which is precisely the opposite of what the State needed to show to receive permission to serve under Rule 4(f)(3)."  ECF No. 20, p. 6 (citing *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005)).  Finally, Epson points out that Japan is a signatory to the Hague Service Convention, and, thus, alternative service is appropriate only "in cases

---

[2] *South Carolina v. Chi Mei Optoelectronics Corp.*, et al., 3:12-cv-01776-JFA.

of urgency" or on the "failure of the foreign country's Central Authority to effect service." ECF No. 20 pp. 7–8 (citing Fed. R. Civ. P. 4 Advisory Committee Note).

## IV.    Conclusion

After considering the parties' arguments, this court hereby denies South Carolina's motion to serve Epson through its United States counsel.  Although Rule 4(f)(3) provides for court-directed service in some situations, this court finds service on Epson's United States counsel improper under these circumstances.  Unlike in the related TFT-LCD case,[3] in which this court granted South Carolina's motion to serve the Taiwanese defendants through their respective United States counsel, Japan is a signatory to the Hague Service Convention, which provides South Carolina with an international process for effectuation service on Epson.  Additionally, since this court granted the motion for alternative service in the related TFT-LCD case, all four TFT-LCD cases have been stayed pending the outcome of a petition for a writ of certiorari filed in the United States Supreme Court.  As a result, South Carolina has time to effectuate service through the Hague Service Convention.  Finally, this court is satisfied that Epson's correct address in Japan is readily obtainable and, therefore, finds no need to intervene in the process.

IT IS SO ORDERED.

*[signature]*

August 20, 2013                                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[3] *South Carolina v. Chi Mei Optoelectronics Corp.*, et al., 3:12-cv-01776-JFA.

5