IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The State of South Carolina, | ) | C/A No.: 3:13-cv-00899-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Hitachi Displays, Ltd., Epson Imaging Devices Corporation, and Sharp Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on a motion to extend the stay to Defendant Epson Imaging Devices Corp. ("Epson") filed by Plaintiff, the State of South Carolina, ("South Carolina"). ECF No. 30. Specifically, South Carolina asks that this court issue an order extending the stay of the proceeding to include Epson, including all briefing deadlines associated Epson's motion to dismiss, ECF No. 29, filed on November 25, 2013. ECF Nos. 30, 32. Epson opposes the motion. ECF No. 31. For the reasons set forth below, this court denies South Carolina's motion to extend the stay.

I.      **Factual and Procedural History**

South Carolina filed its complaint in the Court of Common Pleas for Richland County on December 10, 2012, against Epson, Hitachi Displays, Ltd. ("Hitachi"), and Sharp Corporation ("Sharp"). Sharp removed the action to this court on April 4, 2013. South Carolina alleges in its complaint that the named defendants engaged in a conspiracy between 1996 and 2006 to fix prices for thin film transistor-liquid crystal

1

display panels. On April 15, 2013, this court remanded South Carolina's claims against Hitachi to the Richland County Court of Common Pleas.

The case remaining in this court is one of four complaints[1] stayed on April 15, 2013, pending the outcome of a petition for a writ of certiorari filed in the United States Supreme Court. The question presented in the petition concerns the Class Action Fairness Act ("CAFA") and subject-matter jurisdiction. Specifically, petitioners have asked the Supreme Court to decide whether the citizenship of the persons on whose behalf monetary relief claims are brought by a state may satisfy CAFA's minimal diversity requirement as set forth in 28 U.S.C. § 1332(d)(2)(A)–(C) and (d)(1)(D) for purposes of CAFA mass action jurisdiction even if those persons are not named plaintiffs.

On November 25, 2013, Epson filed a motion to dismiss South Carolina's action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. ECF No. 29. Epson had not been served when this court stayed the case. Before responding to Epson's motion to dismiss, South Carolina moved to extend the stay to include Epson and its pending motion. ECF No. 30.

**II.    Analysis**

In its motion, South Carolina argues that this court cannot rule on whether it has personal jurisdiction over Epson before it resolves the question of subject-matter jurisdiction because such ruling would amount to an advisory opinion. ECF No. 30, p. 3. "If the Supreme Court agrees that there is no subject matter jurisdiction in the similar

---

[1] The other cases are *South Carolina v. LG Display Co., Ltd., et al.*, 3:11-cv-00729-JFA; *South Carolina v. AU Optronics Corp., et al.*, 3:11-cv-00731-JFA; and *South Carolina v. Chi Mei Optoelectronics Corp.*, et al., 3:12-cv-01776-JFA.

cases, then this case would be remanded to state court. Any opinion issued by this Court on Epson's motion to dismiss would be purely advisory." *Id*. (citing *Worsham v. U.S. Dep't of the Treasury*, 2013 WL 5274358 (D. Md. Sept. 17, 2013) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

South Carolina also points out that this court is obliged "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* (quoting *Worsham*, at *8) (internal citation omitted).

Epson responds that South Carolina's argument is incorrect as a matter of law. ECF No. 31, p. 2. This court agrees. As pointed out by Epson, the Fourth Circuit Court of Appeals has held that "[a] federal court may decide a straightforward question concerning personal jurisdiction without first determining that it has subject-matter jurisdiction over the case" when "the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Lolavar v. de Santibanes*, 430 F.3d 221, 227 (4th Cir. 2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 588 (1999)). No "unyielding jurisdictional hierarchy" exists to which a federal court must adhere. *Ruhrgas AG*, 526 U.S. at 578.

Because Epson's motion to dismiss presents a straightforward question, this court will not wait until the Supreme Court decides if this court has subject-matter jurisdiction over the matter before ruling on the question of personal jurisdiction over Epson.

## IV.     Conclusion

Accordingly, this court hereby denies South Carolina's motion to extend the stay to include Epson.  The court directs South Carolina to respond to Epson's motion to dismiss no later than January 14, 2014.

      IT IS SO ORDERED.

January 2, 2014                                  Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge