IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The State of South Carolina, | ) | C/A No.: 3:13-cv-00899-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Hitachi Displays, Ltd., Epson Imaging Devices Corporation, and Sharp Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The State of South Carolina ("Plaintiff") has moved this court to reconsider its order that denied extending a stay to include Epson Imaging Devices Corp. ("Defendant"). ECF No. 34. Specifically, Plaintiff contends that the court erred by allowing the question of personal jurisdiction over Defendant to move forward, and that the court should extend the stay to Defendant pending the United States Supreme Court's decision on the question related to subject-matter jurisdiction.[1] *See id.* Alternatively, Plaintiff seeks a brief period of jurisdictional discovery before responding to Defendant's motion to dismiss. *Id.* Defendant opposes the motion. ECF No. 35.

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 54(b) motion to revise its order.

---

[1] This court has stayed proceedings as to two other defendants in this case. The case is one of four complaints on hold since April 15, 2013, pending the outcome of a petition for a writ of certiorari filed in the Supreme Court. The question presented to the Court concerns the Class Action Fairness Act ("CAFA") and subject-matter jurisdiction. The Court has granted certiorari in a similar case and heard oral arguments on the matter on November 6, 2013.

1

Fed. R. Civ. P. 54(b). While the Fourth Circuit Court of Appeals has offered little guidance on the standard for evaluation, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54"). Thus, this court turns to cases involving Rule 59 for guidance.

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In this case, Plaintiff contends that this court erred in its application of the law to the facts of this case, urging the court to take another look at the framework of *Ruhrgas AG v. Marathon Oil* Co., 526 U.S. 574 (1999), which addresses the issue of jurisdictional hierarchy. Additionally, Plaintiff submits that this court's previous orders on subject-

matter jurisdiction in related cases should control the proceedings and preclude resolution of personal jurisdiction.

Plaintiff's arguments are not new. Instead, these are the same issues the court considered in denying the motion to stay. In light of the Supreme Court's decision to grant certiorari to resolve a conflict among circuits on the question of subject-matter jurisdiction raised in this case, it is not error to address the issue of personal jurisdiction as to Defendant first. Furthermore, while allowing the previous orders in related case to control might support "finality and efficiency [in] the judicial process," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988), so too does letting Defendant out of this case if it turns out that the court lacks personal jurisdiction.

In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error. Because Plaintiff has not advanced any arguments compelling the court to reconsider its order denying an extension of the stay, the court hereby denies Plaintiff's motion. However, the court will allow the parties to conduct discovery limited to personal jurisdiction until February 23, 2014. A regular briefing schedule will resume after that.

     IT IS SO ORDERED.

January 10, 2014,       Joseph F. Anderson, Jr.
Columbia, South Carolina      United States District Judge